**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                    Case No. _06-cr-159-01-SM

<u>Charmine Preston</u>

**O R D E R**

Defendant moves to reduce her sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 22). For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances. This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which she is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  The defendant pled guilty to a three count Indictment charging her with Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1).  The presentence report (using the November 1, 2006 edition of the Guideline Manual with the May 1, 2007 Supplement) determined the defendant was responsible for 20.26 grams of cocaine base, which resulted in a base offense level of 28.  After applying a three level reduction for acceptance of responsibility, the defendant's total offense level was determined to be 25.  The defendant's criminal history category was determined to be I and her advisory guideline range to be 57 to 71 months.  Pursuant to USSG

§5G1.1(c)(2), the guideline imprisonment range became 60 to 71 months because Count II had a five year minimum mandatory penalty.[1]

At the sentencing hearing the court adopted the presentence report without objection by counsel and sentenced the defendant to 60 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and 4 years of supervised release.

The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  After applying the retroactive application of the crack cocaine amendment, the defendant receives a two level reduction in her base offense level from level 28 to level 26 and her total offense level is reduced from level 25 to level 23.

---

[1] Defendant's factual recitation contains errors that result in an erroneous calculation of the original guideline imprisonment range.  First, defendant states there was a two level reduction pursuant to USSG §2D1.1(b)(11), claiming she met the criteria for a safety valve reduction in §5C1.2.  At the sentencing hearing, however, the defendant had not satisfied the fifth prong of §5C1.2 and, thus, was not eligible for a safety valve reduction. Second, defendant asserts that she pled guilty to the distribution of just 15.19 grams of cocaine base, rather than the total of 20.26 grams of cocaine base listed in the original presentence report and found by the court at the original sentencing hearing.  That difference results in a two level difference in the drug weight between defendant's calculations and the court's findings at sentencing.

While a total offense level 23 and a criminal history category I has a guideline imprisonment range of 46 to 57 months, Count II had a five year minimum mandatory penalty.  Pursuant to USSG §5G1.1(b), in those cases in which a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.  As a result, the statutory mandatory minimum penalty controls the sentencing in this case because there was no government USSG §5K1.1 motion, nor was the defendant deemed eligible for the safety valve reduction.  Pursuant to USSG §1B1.10(a)(2)(B), the amendment does not have the effect of lowering the defendant's applicable guideline range.

Therefore, for the foregoing reasons, defendant's motion to reduce sentence (document no. 22) is DENIED.

**SO ORDERED.**

Date: April 25, 2008

Steven J. McAuliffe
United States District Judge

cc:  Charmine Preston, pro se
     Counsel of Record

4